UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

COREY MOORE                                                                                    PETITIONER

V.                                                  CIVIL ACTION NO. 3:21-CV-459-KHJ-BWR

WARDEN UNKNOWN PORTILLO                                                        RESPONDENT

ORDER

Before the Court are Petitioner Corey Moore's [24] Application for Certificate of Appealability and [27] Motion to Proceed *in forma pauperis*. For the reasons stated below, the Court DENIES both the Application and Motion.

I.     Background

Moore is serving a 25-year sentence for burglary of a dwelling. *See* R. [10-9] at 335. He petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting his state remedies. Pet. [1]. Magistrate Judge Bradley W. Rath recommended that the Court dismiss Moore's Petition. R. & R. [15] at 1. Moore objected to the Magistrate Judge's Report. Obj. [16]. After a de novo review of the [15] Report, the Court overruled Moore's [16] Objection, adopted the Report, and dismissed Moore's [1] Petition with prejudice. Order [21]. Alongside its dismissal of the [1] Petition, the Court denied Moore a certificate of appealability (COA) on the issues raised in his Petition. Certificate of Appealability - Denied [23].

Moore now asks the Court to issue a COA certifying five issues for appeal. [24]. He also moves the Court to permit him to proceed *in forma pauperis* (IFP) on appeal. [27].

II. Analysis

The Court first denies Moore's [24] Application for Certificate of Appealability as moot because it already found that Moore has not made the required showing to obtain a COA. Denial of an application for a COA renders a related motion to proceed IFP moot. *See, e.g.*, *United States v. Sampson*, 807 F. App'x 390, 391 (5th Cir. 2020) (per curiam). Even so, the Court denies Moore's [27] Motion to Proceed *in forma pauperis* on its merits.

A. Certificate of Appealability

To challenge a denial of habeas relief under Section 2254, a petitioner must first obtain a COA for each specific issue taken on appeal. 28 U.S.C. § 2253(c)(1), (3); *see also* Fed. R. App. P. 22(a). To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). This showing is satisfied when a petitioner shows that "reasonable jurists would find the decision to deny relief debatable or wrong" or that the issues presented "deserve encouragement to proceed further." *United States v. Arledge*, 873 F.3d 471, 473 (5th Cir. 2017).

The Court previously disposed of each issue Moore raised in his [1] Petition, including the issues he now wishes to have certified for appeal. *See* [21]. In doing so, the Court denied Moore a COA, finding that he "failed to make a substantial

showing of the denial of a constitutional right." [23]. Therefore, the Court denies Moore's COA [24] Application as moot. *See* [23].

    B.  Proceeding IFP on Appeal

To proceed IFP on appeal, a prisoner must submit an affidavit of poverty and trust fund account statement as required by 28 U.S.C. § 1915(a)(1)–(2). The affidavit must state (1) the prisoner's assets, (2) the prisoner's inability to pay the filing fee, (3) the issues being appealed, and (4) the prisoner's belief that redress is warranted. *See id.* § 1915(a)(1); *see also* Fed. R. App. P. 24(a)(1)(A) (cross-referencing Form 4 of the Appendix of Forms). But a prisoner may not take an appeal IFP "if the trial court certifies in writing that it is not taken in good faith." § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

An appeal is "not taken in good faith when the underlying claims" are "entirely frivolous" and have "no possibility of success." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The good-faith inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Guerrero*, 870 F.3d 395, 396 (5th Cir. 2017) (cleaned up). The district court must set forth the reasons for certifying that an appeal is not taken in good faith. *Baugh*, 117 F.3d at 202.[1] To satisfy this requirement, "it often may suffice for the

---

[1] If a district court certifies that an appeal is not taken in good faith, the movant is left with two options. The movant may proceed on appeal after paying the full filing fee and relevant costs within the time prescribed by Federal Rule of Appellate Procedure 4. *Baugh*, 117 F.3d at 202. Alternatively, the movant may move for leave to proceed IFP with the court of appeals to challenge the district court's certification. *Id.*

district court to incorporate by reference its decision dismissing the prisoner's [petition] on the merits with or without supplementation . . . ." *Id.* at 202 n.21.

Moore submitted the issues being appealed in his IFP [27] Motion. He submitted a trust fund account statement. Release of Account Information & Certificate [28]. And he submitted an [29] Affidavit of Poverty listing his lack of assets, stating his inability to pay, and claiming his entitlement to redress. Thus, Moore has met the threshold requirements of Section 1915(a)(1)–(2).

Still the Court certifies that Moore's appeal is not taken in good faith. *See* § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). None of the issues that Moore now moves the Court to certify for appeal—which mirror the grounds presented in his [1] Petition—raise "legal points arguable on their merits." *Guerrero*, 870 F.3d at 396 (cleaned up). In its [21] Order dismissing Moore's [1] Petition, the Court found each of Moore's grounds for relief meritless or procedurally barred after addressing each ground at length. [21] at 10, 15–19, 28, 34. Because the [21] Order thoroughly sets forth the reasons why Moore's issues are meritless, the Court incorporates it without further supplementation. *See Baugh*, 117 F.3d at 202 n.21.

III. Conclusion

For the reasons stated above, the Court DENIES Moore's [24] Application for Certificate of Appealability and [27] Motion to Proceed *in forma pauperis*. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 31st day of October, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE